**Frank DVORSKY**

v.

**The UNITED STATES**

No. 337–64.

United States Court of Claims.

Nov. 12, 1965.

Frank Dvorsky, pro se.

Louise O'Neil, St. Paul, Minn., with whom was Asst. Atty. Gen., John W. Douglas, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

PER CURIAM.

This case was referred pursuant to Rule 54(b) to Trial Commissioner Donald E. Lane, with directions to make his recommendation for conclusions of law on defendant's motion to dismiss the petition. The commissioner has done so in an opinion and report filed May 6, 1965. On May 12, 1965, plaintiff filed an additional brief on defendant's objection which is treated as a request for review of the commissioner's opinion and recommendation for conclusion of law. On June 14, 1965, defendant filed a reply and the case was submitted to the court on oral argument by the plaintiff and counsel for defendant. Since the court is in agreement with the opinion and recommendation of the trial commissioner, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Plaintiff is, therefore, not entitled to recover, defendant's motion to dismiss the petition is granted and plaintiff's petition is dismissed.

Opinion of Commissioner

This case comes before the court on defendant's motion to dismiss the petition. The petition filed herein does not comply with the provisions of Rule 17 in that it does not identify any jurisdictional statute and does not point out the claims of the patent alleged to be infringed. It must be *assumed* that petitioner intended this suit to be based on Title 28 U.S.C. § 1498, and that he thus seeks the recovery of reasonable and entire compensation for unlicensed use by defendant of the inventions defined in all 7 claims of United States Letters Patent No. 2,795,341 issued to the petitioner on June 11, 1957. The patent relates to a mail sorting mechanism.

The petition does not claim any specific amount of compensation.

The defendant bases its motion to dismiss on several grounds including failure to specify a jurisdictional statute, failure to allege that the patent invention has been used without lawful right, failure to state whether or not petitioner was employed by the defendant when the invention was made, and also on the ground that petitioner alleges that the accused mail sorting mechanism *differs* from that disclosed in petitioner's patent.

Copies of correspondence accompanying the petition indicate that the petitioner submitted some suggestions to the Post Office Committee on Suggestions and Experiments for the Postal Service as early as March 1952. Copies of correspondence also indicate that petitioner forwarded drawings of a mail sorting machine to the Post Office Chief Engineer in September 1954. The correspondence also indicates that Post Office officials informed the petitioner that the Post Office was unable to utilize the petitioner's suggestions. Petitioner filed his application for patent May 21, 1953, and received his patent in 1957. The correspondence accompanying the petition herein does not include copies of petitioner's suggestions or drawings submitted to the Post Office. The copies of correspondence accompanying the petition contain no indication that the Post Office ever promised to compensate petitioner for his suggestions.

Petitioner's response filed March 17, 1965, to the defendant's motion to dismiss asserts that petitioner was employed at the Church Street Post Office, New York City, from 1950 to 1958, and that in 1952 he invented the mail sorting mechanism. Petitioner's response asserts that he displayed a homemade model of his mail sorting machine at the General Post Office and an improved model at some later date. A further paper filed April 19, 1965, by the petitioner asserts that doubts concerning structural differences must be resolved in favor of an inventor, that petitioner seeks a reasonable price, that a picture of his mail sorting machine

appeared in a Czechoslovakian newspaper in 1961 and that it was a Russian mail sorting machine "invented by an American," and that he sent drawings of a fully electronic mail sorting machine to the Post Office in 1959. Said drawings are not in the record before this court.

It is not clear from the incomplete correspondence accompanying the petition whether or not the petitioner, as an employee of the Post Office Department when he made his alleged invention, was in a position to influence or induce use of the invention by the defendant, or whether or not the alleged invention was related to the official functions of petitioner's employment, and whether or not Government time, materials or facilities were utilized. Title 28 U.S.C. § 1498 contains explicit provisions restricting the rights of a Government employee to bring suit for unauthorized use of a patented invention.

The petition states that the accused electronic semi-automatic mail sorting machine used by defendant at the New York World's Fair is structurally different from the mail sorting machine illustrated and specifically claimed in petitioner's patent No. 2,795,341. The petition states that the World's Fair machine picks up mail with a rubber pad and a rotating wheel, opens flaps electronically, and omits the floating plate of the patented machine. Each of the 7 claims in petitioner's patent, which claims define petitioner's invention, specifically recites rotating rods to open the flaps mechanically, or calls for a resiliently mounted floating plate depressed by keys. Petitioner admits that this recited structure is not present in the World's Fair machine.

In determining whether or not an accused machine infringes a patent, resort must be had to the words of the patent claims. Graver Tank & Mfg. Co., Inc. v. Linde Air Products Co., 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097 (1950). While patent claims may be limited by reference to the patent specification, petitioner's patent claims cannot be broadened to encompass mechanisms not hav-

ing a plurality of operating rods. The patent claims alone define the scope of the protection afforded by the patent. Kuhne Identification Systems, Inc. v. United States, 82 Ct.Cl. 237, 258 (1936), 28 U.S.P.Q. 151. The patent claim is a statutory requirement, prescribed for the very purpose of making the patentee define precisely what his invention comprises. It is unjust to the public, as well as an evasion of the law to construe a patent claim in a manner different from the plain import of its terms. White v. Dunbar, 119 U.S. 47, 7 S.Ct. 72, 30 L.Ed. 303 (1886).

It is concluded that petitioner's statements in his petition of the differences between the accused World's Fair mail sorting mechanism and the mechanism illustrated and claimed in petitioner's patent fully warrant granting defendant's motion to dismiss the petition. The petition does not state a cause of action cognizable under Title 28 U.S.C. § 1498, or under any other statute conferring jurisdiction on this court.